*70
By the Court:

Monell, J.
The evidence in this case abundantly established that the plaintiff was lawfully in possession of the premises in question. The original hiring was not disputed. Mr. Thompson testified that the defendants made an agreement with the plaintiff, that he might stop in the room on payment of one hundred dollars a year, subject to their revocation of the agreement at any time they might desire, and Mr. Colgate, one of the defendants, testified substantially to the same agreement. lie said “ there never was any agreement as to the terms of the lease or payment of rent. Mr. Mowlan was there merely on sufferance.” Under such agreement the plaintiff remained in possession for three or four years. There cannot be a doubt that the plaintiff, entering into and continuing in possession under such agreement, became and was a tenant for one whole year, or a tenant from year to year, or at will. If the plaintiff was a tenant for a year, under an agreement which did not particularly specify the duration of the occupancy, he could hot be disturbed in his possession until the first of May next ensuing after entering upon his possession (1 R. S. 744, § 1). Under that statute no notice to quit is required. The tenancy absolutely terminates, and there must be a new agreement, express or implied, to continue the tenancy. Bemaining in possession for a considerable period after the first of May, with the consent of the landlord, would be sufficient to imply a new agreement for another year. If, however, the plaintiff was a tenant from year to year, then, irrespective of the statute, he was entitled to notice to quit, terminating with the year (Wordfall L. & T., 218). Or if he was a tenant at will, he was entitled to thirty days’ notice in writing (1 R. S., 745, § 7). It is immaterial, however, what the nature of the tenancy was, as there was no evidence showing, or tending to show, it had been legally terminated at the time the plaintiff was dispossessed.
There was some evidence of a verbal notice having been given, but which was more in the nature of a request to leave *71 There was no proof of any written notice, or of any notice whatever, except that, as testified to by one of the witnesses, the defendants gave him verbal notice to leave six weeks before he was dispossessed. Under the relation which existed between these parties, and their respective rights, the entry of the defendants upon the possession and premises of the plaintiff was a trespass. It may be that a landlord may re-enter, upon a tenant’s holding over, and remove him and his goods with such gentle force as may be requisite for the purpose. For entering by force and a strong hand an indictment would lie, but a plea of liberum tenementvm would be a justification in an action for the trespass. Even that, however, has been held otherwise in one case (Flaherty v. Andrews, 2 E. D. Smith, 529). It is enough, however, to say that the plaintiff was not holding over, but was in lawful possession when removed by the defendants, and, therefore, any of the rights which landlords may have in certain cases did not exist in this.
It is claimed that the plaintiff consented to leave the premises, and therefore was not ejected. The proof was somewhat conflicting on that subject; but there was sufficient evidence to sustain the finding of the referee that the plaintiff did not consent to the removal. It is quite evident that whatever was done by the plaintiff in removing, or assisting in the removal of the property, was after he was fully satisfied the removal would be made by the defendants; and his consent, if any, was given after he had been told peremptorily that he must leave or he and his effects would be put out of the building.
There was a motion to dismiss the complaint, on the ground that no cause of action had been shown and no damages proved.
The first objection has been disposed of.
The proof of injury to the plaintiff’s property varied in amount, from two thousand dollars, the lowest sum testified to, and five thousand dollars, the highest sum. The referee took the lowest as the measure of damages.
The evidence in support of the damages was that the property consisted of articles easily injured or destroyed by water. That *72 they were put'into open carts, and while in transit from the defendant’s building to their destination were exposed to rain, and thereby damaged.
The proof was conflicting as to the precise state of the weather. Some of the witnesses said it was a rainy day, others that there were only occasional showers; but it was not disputed that the goods were rained upon and saturated with water while being carried from the defendants’ building.
The rule adopted in this case was to give compensation to the' plaintiff for the actual injury sustained. It was not regarded by the referee as one authorizing vindictive or exemplary damages. I think he adopted the correct rule.
Tor a trespass of this nature the plaintiff was entitled to recover' for all injury to the property which was the result of being removed from the defendants’ building. If, without any fault of the plaintiff, the property was exposed to the elements in the-course of removal and thereby injured, the extent of such injury should form the rule and measure of damage.
Even if there had been uncontradicted evidence that the injury was produced by a sudden or unlooked for shower of rain, it would not prevent the application of the rule to this case. The defendants having been trespassers ab initio, they were responsible for all the consequences which resulted, and it is not material whether they resulted from the direct and immediate act of the defendants, or remotely to them by the act of God. The property was compulsorily removed by the wrongful act of the defendants, they declaring their design to put it out of the building if it was not taken by the plaintiff. If under such circumstances the plaintiff used all reasonable precautions for the preservation of the property, and was in no wise in fault himself, he had a right to look to the defendants to compensate him for all the injury which by any means resulted from such forcible entry and compulsory removal.
There were some objections to the admission of evidence, but they are not of sufficient consequence to require any thing more than to say that none of them were well taken.
*73 I am of the opinion that the judgment should be affirmed. The appeal from the order made at Special Term denying a motion for a new trial was a nullity, as no such motion can be made in a cause tried by a referee.
That appeal should be dismissed.